**SIGNED.**

**Dated: July 15, 2008**



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| TODD DOUGLAS HALLE and MARLENE KAY HALLE, | No. 0:06-bk-00244-JMM |
| Debtor(s). | Adversary No. 0:08-ap-00100-JMM |
| JIM D. SMITH, Bankruptcy Trustee, | **MEMORANDUM DECISION** |
| Plaintiff, | |
| vs. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, | |
| Defendant. | |

Before the Court is the motion for judgment on the pleadings, or for summary judgment (Dkt. #11) filed by Deutsche Bank National Trust Company ("Deutsche Bank"). The court considered the entire file, the arguments and the legal authorities. The court's decision follows.

## FACTS

The Debtors filed a chapter 7 case on September 20, 2006. Jim D. Smith was appointed trustee ("Trustee"). A residential parcel of real property was listed in the Debtors' bankruptcy schedules as having a value of $270,000 (Schedule A). Two liens existed against the

parcel, both held by Option One Mortgage Corporation ("Option One"), in the scheduled total amount of $249,000 (Schedule D). The Debtors also listed a Yuma County tax lien of $1,352.86. The Debtors did not claim an Arizona homestead exemption (Schedule C).

Two months after the bankruptcy filing, on November 29, 2006, Option One filed a motion for stay relief. Trustee was named as a party defendant, as he represented the estate's interest in the property (Dkt. #15). A copy of the motion was mailed to Trustee on November 29, 2006. Trustee answered on December 11, 2006 (Dkt. #21), alleging, among other things, that equity existed in the property.

Trustee also recorded a "Request for Notice and Notice of Bankruptcy" ("Request for Notice") with the Yuma County Recorder's Office, on December 11, 2006. The Notice stated:

> Jim D. Smith, Chapter 7 Bankruptcy Trustee, hereby gives Notice of the Pendency of the above referenced Bankruptcy Case, and,
>
> Requests Notice of any and all scheduled Trustee's Sales and Continuances thereof concerning the following Property:
>
> Legal:        Lot 25, Hettema Place #2
> Address:     1960 W. 15th Street, Yuma, AZ
> Assessor Parcel:  110-51-065

A final hearing on the Option One motion was heard on March 14, 2007, at which time the court ordered the stay lifted (Dkt. #36). On March 20, 2007, the court entered the order lifting the stay, and authorized Option One, as lienholder, to enforce its rights under state law (Dkt. #39). That order was not appealed, and thus became final 11 days after its entry on the docket.

Thereafter, on July 9, 2007, the Deed of Trust was assigned to Deutsche Bank. (The Assignment was recorded on August 22, 2007.)

On July 19, 2007, Deutsche Bank recorded a "Notice of Trustee's Sale," in the Yuma County Recorder's Office. It is undisputed that Deutsche Bank also gave statutory notice by mailing notice to the Debtors, posting the notice and through publication. ARIZ. REV. STAT. §§ 33-808, 33-809. *See* Reply of Deutsche Bank, at 2 n.1 (Dkt. #13). However, Deutsche Bank did not apparently send notice to Trustee.

1 Based on this court's order, Deutsche Bank held a trustee's foreclosure sale on October 19, 2007, over a year after the bankruptcy filing. At that sale, Deutsche Bank purchased the property with a credit bid in the amount of $221,005.65.

A "Trustee's Deed of Sale" in the name of Deutsche Bank was then recorded on October 25, 2007.

This adversary proceeding was commenced three and one-half months after the trustee's sale, in which Trustee seeks to set the sale aside on the basis that he, as the <u>estate's</u> representative, did not receive statutory notice of the trustee's sale date.

## **DISCUSSION**

The Arizona statutes describe what steps must be taken in order to perfect a trustee's sale, ARIZ. REV. STAT. § 33-801, *et seq.*, and they are strictly construed. *Patton v. First Federal Sav. & Loan Ass'n of Phoenix*, 118 Ariz. 473, 578 P.2d 152 (1978). But, on the other hand, if no action is taken to enjoin such a sale, a purchaser who purchases the property for value without actual notice of any alleged defect in notice of the trustee's sale is entitled to conclusively rely on the trustee's deed recorded in his favor, post sale. *In re Hills,* 299 B.R. 581, 586 (Bankr. D.Ariz. 2002). ARIZ. REV. STAT. § 33-811(B) is dispositive on this point. In pertinent part it provides:

> The trustee's deed shall raise the presumption of compliance with the requirements of the deed of trust and this chapter relating to the exercise of the power of sale and the sale of the trust property, including recording, publishing and posting of notice of sale and the conduct of the sale. <u>A trustee's deed shall constitute conclusive evidence</u> of the meeting of those requirements in favor of purchasers or encumbrancers for value and without actual notice. Knowledge of the trustee shall not be imputed to the beneficiary.

(Emphasis supplied.)

Arizona courts have held that questions of whether a trustee's sale was properly noticed are irrelevant in light of § 33-811(B). *See BAM Investments, Inc. v. Roberts,* 172 Ariz. 602, 604, 838 P.2d 1363, 1365 (Ct. App. 1992); *Main I Ltd. P'ship v. Venture Capital Constr. & Dev.*

3

Case 0:08-ap-00100-JMM   Doc 20   Filed 07/15/08   Entered 07/15/08 15:49:12   Desc
Main Document    Page 3 of 6

*Corp.*, 154 Ariz. 256, 259-60, 741 P.2d 1234, 1237-38 (Ct. App. 1987). This provision has also been interpreted to apply to beneficiaries of trust deeds who may purchase the property. *Id.* In its motion, Deutsche Bank seeks judgment in its favor under ARIZ. REV. STAT. § 33-811(B).

Trustee opposes such relief and maintains that, since he had recorded a Request for Notice, Deutsche Bank's failure to give him notice is grounds to set aside the trustee's sale, at least as to the estate's interest.

ARIZ. REV. STAT. § 33-809(A) sets forth the explicit requirements for a Request for Notice of a trustee's sale. Deutsche Bank aptly points out that Trustee's Request for Notice did not strictly comply with the statute, in that it did not identify the particular Deed of Trust, the parties' names, the date of recordation, a legal description of the property, nor was it acknowledged by a notary. *See id.* As such, Deutsche Bank maintained that it did not have a statutory obligation to provide notice to Trustee. Nor could it have had actual notice of any defect in its noticing procedure.

Trustee then asserts that Deutsche Bank had actual notice of the estate's interest in the property because its predecessor-in-interest, Option One, had participated in the stay relief proceedings and because of Trustee's recorded Request for Notice and Notice of Bankruptcy. These assertions however do not prove Trustee's point. First, Deutsche Bank did not become the assignee of the Deed of Trust until four months after stay relief was granted. Second, ARIZ. REV. STAT. § 33-809(D) provides that the Request for Notice that is provided for under that section does <u>not affect title</u> to the trust property, nor can it "be deemed notice to any person that a person requesting a copy of notice of sale has or claims any interest in, or claim upon, the trust property."

Debtors were the record owners of the property and parties to the Deed of Trust. They apparently received notice of the sale, pursuant to ARIZ. REV. STAT. §§ 33-808 and 33-809. It is well-established that a bankruptcy trustee stands in the shoes of his debtors. *See Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005) (stating that the trustee may bring the debtor's causes of action, and citing 11 U.S.C. §§ 323, 541(a)(1) and 704(1)); 3 COLLIER ON BANKRUPTCY ¶ 323.03[2] (15th ed. rev. 2008). In that regard, a trustee gains no greater rights than those of his debtors. *Id.*; *In re Gatto*, 380 B.R. 88, 92 (Bankr. M.D. Fla. 20070 (citing *Zartman v. First Nat'l*

*Bank of Waterloo, N.Y.*, 216 U.S. 134, 135, 30 S.Ct. 368, 54 L.Ed. 318 (1910)). Therefore, the fact that Trustee, as the representative of the estate, did not get notice, is irrelevant, because his <u>Debtors</u> apparently got notice. *See Main I Ltd. P'Ship*, 154 Ariz. at 259, 741 P.2d at 1237 (a timely mailing to the parties to the trust deed constitutes full compliance with the requirement for notice to "persons having an interest in the property").

Trustee almost got it right, but his attempt at giving statutory notice fell a bit short. Absent a compliant statutorily correct Request for Notice, Trustee's claim that he was entitled to receive a separate notice specifically directed to him is not supported by Arizona law or the Bankruptcy Code. The filing of a bankruptcy case does not impose new or additional requirements beyond those required by the Arizona deed of trust statutes. *In re Stober*, 193 B.R. 5, 10 (Bankr. D. Ariz. 1996) (Marlar, J.). *Accord, In re Nagel,* 245 B.R. 657 (D. Ariz. 1999); *In re Nghiem*, 264 B.R. 557 (9th Cir. BAP 2001), *aff'd*, 53 Fed. Apx. 489 (9th Cir. 2002) (ruling on California law); *In re Hills*, 299 B.R. 581 (Bankr. D. Ariz. 2002); *Kelly v. NationsBanc Mortgage Corp.*, 199 Ariz. 284, 17 P.3d 790 (Ct. App. 2001) (as amended). *Contra, In re Acosta,* 181 B.R. 477 (Bankr. D.Ariz. 1995) (Mooreman, J.).

In addition, if Trustee desired that a specific notice be directed to him (rather than to the Debtors), he could have recorded a request that strictly complied with the statutes. Unfortunately, he did not. ARIZ. REV. STAT. § 33-809(A). There is no question that Trustee had actual knowledge of Option One's lien claim and desire to foreclose from at least two sources (the Debtors' schedules and Option One's motion for stay relief). The order lifting the stay specifically allowed the foreclosure process to occur, and Trustee was a party to that order. Trustee is therefore estopped to contend he was lacking in the knowledge that a foreclosure was imminent. He had the means, motive and legal knowledge necessary to protect the estate's interest, if that interest was worth preserving. Apparently, it was not.[1]

---

[1] To assuage Trustee's concerns about this issue, the court notes that the residence probably had no real equity worthy of preservation, in any event. The decision to let the property go is probably more defensible than trying to recover it at this stage. The known liens were about $250,000, and the property was valued in the schedules at $270,000. A 7% real estate commission would have been approximately $19,000.

5

Case 0:08-ap-00100-JMM    Doc 20    Filed 07/15/08    Entered 07/15/08 15:49:12    Desc
Main Document    Page 5 of 6

Therefore, by virtue of ARIZ. REV. STAT. § 33-811(B), the sufficiency of Deutsche Bank's notice is not subject to attack, and there is no other basis presented for setting aside the trustee's sale.

**CONCLUSION**

For all of the foregoing reasons, the motion of Deutsche Bank will be granted, and Trustee's complaint against it will be dismissed, with prejudice. Each party will bear their own costs. A separate judgment will be entered. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES served as indicated below
on the date signed above:

Jim D. Smith, Trustee
221 South Second Ave.
Yuma, AZ 85364                               Email: jimmie.smith@azbar.org

Christopher M. McNichol
Gust Rosenfeld, PLC
201 E. Washington, Suite 800
Phoenix, AZ 85004-2327                       Email: mcnichol@gustlaw.com

Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706                       U.S. Mail

By /s/ M. B. Thompson
    Judicial Assistant